[Cite as *State v. Townsel*, 2014-Ohio-5470.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-L-033** |
| RODNEY L. TOWNSEL, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Lake County Court of Common Pleas, Case No. 13 CR 000377.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Eric J. Foisel*, Hanahan & Hinton, LLC, 8570 Mentor Avenue, Mentor, OH 44060 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} This appeal is from the Lake County Court of Common Pleas. A jury found appellant Rodney L. Townsel guilty of two counts of having a weapon under disability, both third degree felonies, in violation of R.C. 2923.13(A)(2); possession of cocaine, a fifth degree felony, in violation of R.C. 2925.11; and possession of criminal tools, a fifth degree felony, in violation of R.C. 2923.24. The trial court merged the weapon possession counts for sentencing purposes, and the trial court ordered

concurrent sentences of two years on one weapon possession count, 10 months for possession of cocaine and 10 months for possession of criminal tools. On appeal, Townsel argues that the trial court erred in admitting certain ammunition as evidence and that the criminal tools conviction was against the manifest weight of the evidence. For the following reasons, we affirm.

{¶2} On May 20, 2013, Townsel was travelling as a passenger in a vehicle to Kirtland Hills on I-90. Officer Jeffrey Bilicic was near Townsel's car and saw that a cigarette was thrown out of the window. Consequently, Officer Bilicic initiated a traffic stop. When Townsel handed over his identification to Officer Bilicic, Officer Bilicic testified that he smelled both burnt and raw marijuana. After Officer Bilicic indicated that he was going to search Townsel, Townsel confessed to having a bag of marijuana on him. Upon searching Townsel, Bilicic found the marijuana. At some point, the owner of the vehicle gave consent for the officer to search the car. During Officer Bilicic's search, he found several rounds of ammunition, sandwich baggies, a digital scale, a razor blade, a pill bottle with less than 0.01 grams of cocaine powder, a gun case, a Smith & Wesson firearm, 3 magazines, and a Stevens Savage shotgun.

{¶3} As his sole assignment of error, Townsel asserts: "The trial court committed prejudicial error when it denied Defense Attorney's Pretrial Motion to Strike and overruled Defense Attorney's in trial objection regarding evidence of ammunition to be admitted in the trial in regard to Count 6 Possession of Criminal Tools."

{¶4} Within this assignment, Townsel argues that the admission of the ammunition was unfairly prejudicial, confused the issues, and that the criminal tools conviction was against the manifest weight of the evidence. We will not evaluate Townsel's argument that admission of the evidence was unfairly prejudicial or confused

2

the issues before the jury. App.R. 16(A)(7) requires an appellant's brief to provide "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and *the reasons in support of the contentions*, with citations to the authorities, statutes, and parts of the record on which appellant relies." (Emphasis added.) Townsel's argument concerning the unfair prejudice caused by the admission of the ammunition and confusion of the issues consisted of the following:

{¶5} "In the case at hand, the trial court allowed the entering of evidence concerning ammunition despite the fact that evidence entered lead to unfair prejudice and confusion of issues. Specifically the evidence introduced were 32 rounds of shotgun ammunition and 17 boxes or 340 rounds of .223 ammunition. This evidence was unfairly prejudicial to the Defendant and that prejudice exceeded any probative value it may have had, ultimately confusing the issues."

{¶6} This argument fails to comply with App.R. 16(A)(7). Townsel's appellate counsel must explain *why* the admission of the ammunition was unfairly prejudicial or what issues were confused as a result of the admission. Consequently, we will not evaluate this argument.

{¶7} Townsel does not explicitly argue that the criminal tools conviction was against the manifest weight of the evidence. However, in his brief, he argues that the ammunition in his possession was not used for a criminal purpose because Officer Bilicic testified that Townsel told him the guns and ammunition were to be used for recreational purposes. He also maintains that the jury's verdict of finding him not guilty of trafficking in marijuana further supports that he did not possess the guns and ammunition for a criminal purpose. As these arguments address the conclusions

reached by the jury, instead of the evidentiary admissions by the trial court, we construe Townsel's argument as a manifest weight challenge.

{¶8} A manifest weight challenge requires the reviewing court to play the role of a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541 (1997). A reviewing court should be cognizant of the fact that the jury is in the best position to assess the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus (1967). For an appellate court to overturn a conviction as being against the manifest weight of the evidence, it must be found that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 20 Ohio B. 215, 485 N.E.2d 717 (1983).

{¶9} In the present matter, Officer Bilicic found marijuana on Townsel's person, and Officer Bilicic found ammunition, firearms, sandwich baggies, a digital scale, a razor blade, and a pill bottle in the car. Officer Bilicic testified that the sandwich baggies, pill bottle, digital scale, and the razor blade were all items associated with the drug trade. Although there was no testimony indicating that the weapons were going to be used in a drug deal, a reasonable jury could have found the weapons were being used in a drug transaction. *See State v. Evans*, 67 Ohio St.3d 405, 413 (1993) (noting that the right to frisk a suspect for weapons is virtually automatic when an officer has reasonable suspicion that the suspect is trafficking in drugs). Townsel argues that the verdict could not rely on an inference that guns were related to drug trafficking because

4

the jury acquitted Townsel of the only trafficking charge submitted to the jury. This argument is without merit. The U.S. Supreme Court has indicated that "where truly inconsistent verdicts have been reached, [the] most that can be said . . . is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt." *United States v. Powell*, 469 U.S. 57, 64-65 (1984) (quotation omitted). The Court reasoned that "inconsistent verdicts * * * should not necessarily be interpreted as a windfall to the Government at the defendant's expense" because "[i]t is equally possible that the jury, convinced of guilt, properly reached its conclusion on [the offense the jury found guilt], and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the [other] offense." *Id.* at 65. The Court indicated that *Powell* was not a constitutional rule, but rather a rule under the Supreme Court's supervisory powers. *Id.* However, the Ohio Supreme Court has adopted *Powell*'s reasoning. *State v. Hicks*, 43 Ohio St.3d 72, 78 (1989). Therefore, the jury's finding that Townsel was not guilty of drug trafficking, yet guilty of possessing criminal tools, does not affect our review.

{¶10} The sole assignment of error is without merit.

{¶11} The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.